COURT OF APPEALS
DECISION
DATED AND FILED

July 21, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP1699-CR**

Cir. Ct. No. 2021CF1848

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

ORELL ALEXANDER DAVIS, JR.,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Milwaukee County: DANIELLE L. SHELTON, Judge. *Affirmed*.

Before Donald, C.J., Colón, P.J., and Geenen, J.

Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).

¶1 PER CURIAM. Orell Alexander Davis, Jr., appeals from his judgment of conviction for armed robbery, as a party to a crime. He also appeals from the order denying his postconviction motion. Upon review, we affirm.

## BACKGROUND

¶2 In May 2021, I.Y. reported to police that she was the victim of a road rage incident that turned into an armed robbery. I.Y. stated she was driving with her daughter and grandson when their car was struck from behind by another vehicle. I.Y. told the occupants of the other vehicle to follow her to the police station, because their "demeanor" caused her to feel that she and her family may be in danger. The other vehicle began to follow I.Y., but then cut her off and stopped, blocking I.Y.'s way.

¶3 The two occupants of the other vehicle exited it and approached I.Y.'s car. The female occupant, later identified as Charlotte Hart, pulled I.Y. out of the car, demanded money, and began grabbing property out of I.Y.'s vehicle. Hart also kicked and punched I.Y., resulting in a fractured orbital bone. The male occupant, later identified as Davis, was armed with a chrome handgun, and I.Y. heard a gunshot during the altercation.

¶4 I.Y. and her daughter both identified Davis as the male occupant of that vehicle from a photo array. The daughter identified Hart in a photo array as the female occupant. The police also obtained a description of the vehicle Davis and Hart were driving from video surveillance footage. Officers observed the vehicle two days later, and conducted a traffic stop. Davis and Hart were in the vehicle and were arrested. A gun consistent with that described by I.Y. was found on Hart.

¶5    During the custodial interview, Hart told officers about an incident that had occurred earlier in the day, before she and Davis were arrested.  They had been at a residence on North 73rd Street—Hart's aunt's house—with Hart's children, Jake and Jessica.[1]

¶6    Hart told police that she was inside the residence when she heard a shot and that Davis told her that someone had driven by and shot into the vehicle.  Forensic interviews with Jake and Jessica, however, revealed that the shooting occurred when a gun Davis was holding "went off," shattering the back window of the vehicle.  Jessica's head was grazed by the bullet.

¶7    Davis was charged with several counts in the shooting matter, Milwaukee County Circuit Court Case No. 2021CF2120, including being a felon in possession of a firearm and the physical abuse of a child by recklessly causing bodily harm.  Davis proceeded to trial in that matter, and was convicted of those two counts.[2]

¶8    In this case, Davis was charged with armed robbery as a party to a crime and being a felon in possession of a firearm.  He opted to enter into a plea agreement in which he pled guilty to the armed robbery charge, with the felon in possession count dismissed but read in for sentencing purposes.[3]  At sentencing, Davis's criminal history was discussed, including his conviction in the shooting

---

[1] We follow the parties' use of pseudonyms for Hart's children.  *See* WIS. STAT. RULE 809.86 (2023-24).  All references to the Wisconsin Statutes are to the 2023-24 version.

[2] Davis is pursuing a separate appeal of that matter, case No. 2024AP1507-CR.

[3] Davis's plea agreement included charges from other cases that are not at issue in this appeal.

case No. 2021CF2120.  During trial counsel's sentencing argument, the circuit court sought clarification of the circumstances of the shooting case:

> COURT:  Wait.  So he—there's a case where he went to trial after shooting a firearm—
>
> COUNSEL:  Yes.
>
> COURT:  … and trying to kill his kid?
>
> COUNSEL:  Yes.
>
> COURT:  Killed anyone who told on him—
>
> COUNSEL:  I know.

¶9     The court imposed a sentence of fifteen years, bifurcated as nine years of initial confinement and six years of extended supervision, in the armed robbery case.  Davis subsequently filed a postconviction motion seeking resentencing.  He claimed that his trial counsel was ineffective for failing to correct the circuit court when it described his offense in case No. 2021CF2120 as "trying to kill his kid."[4]  Davis argued that this was inaccurate information because that offense was reckless, not intentional.  He further asserted that the circuit court relied on that inaccurate information, which resulted in a longer sentence in the armed robbery case.

¶10     The circuit court rejected this argument.  It stated that although it misspoke regarding the nature of the offense in case No. 2021CF2120, the State correctly recited the facts of that case just before that exchange, and the court

---

[4] In his postconviction motion, Davis also argued that his trial counsel was ineffective for failing to present certain mitigating circumstances during sentencing.  Davis does not raise that claim on appeal, and we do not discuss it further.  *See* **State v. Ledger**, 175 Wis. 2d 116, 135, 499 N.W.2d 198 (Ct. App. 1993) (stating that issues previously raised but not briefed or argued on appeal are deemed abandoned).

understood that it was a "reckless act." The court further stated that it found the "relevance" of that offense to be Davis's "pattern of repeated illegal possession of firearms and his refusal to learn his lesson, even after his prior recklessness resulted in his stepdaughter being grazed by a bullet." As such, the court found that even if Davis's counsel had corrected the court's misstatement, the sentence imposed would have been the same.

¶11 Therefore, the circuit court denied Davis's postconviction motion without a hearing. This appeal follows.

## DISCUSSION

¶12 In addressing Davis's claim of ineffective assistance of counsel, we follow the familiar standard. A claim of ineffective assistance of counsel is established if a defendant demonstrates that counsel performed deficiently and that deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The defendant must demonstrate both prongs of the test to be afforded relief. *Id.* Whether counsel's performance meets the constitutional standard is a question of law that we review de novo. *State v. Thiel*, 2003 WI 111, ¶21, 264 Wis. 2d 571, 665 N.W.2d 305.

¶13 Davis claims that his counsel's ineffective assistance—not correcting the circuit court's misstatement about the nature of the offense in case No. 2021CF2120—resulted in the court relying on inaccurate information at sentencing. A defendant has "a constitutionally protected due process right to be sentenced upon accurate information." *State v. Tiepelman*, 2006 WI 66, ¶9, 291 Wis. 2d 179, 717 N.W.2d 1. To establish a violation of this right, the defendant "must show both that the information was inaccurate and that the court actually relied on the inaccurate information in the sentencing." *Id.*, ¶26 (citation

modified). Whether a defendant has been denied this right is a constitutional issue that we review de novo. *Id.*, ¶9.

¶14 To determine if the circuit court actually relied on inaccurate information at sentencing, we look to "whether the circuit court gave 'explicit attention' or 'specific consideration' to it, so that the inaccurate information 'formed part of the basis for the sentence.'" *State v. Travis*, 2013 WI 38, ¶46, 347 Wis. 2d 142, 832 N.W.2d 491 (citation omitted). This is accomplished through an "independent[] review the record of the sentencing hearing." *Id.*, ¶48. "A circuit court's after-the-fact assertion of non-reliance on allegedly inaccurate information is not dispositive of the issue of actual reliance." *Id.*

¶15 The sentencing record here does not reflect explicit attention or specific consideration by the circuit court of its misstatement about the nature of Davis's offense in the other case. As the circuit court pointed out, the State had previously provided a detailed description of that case, specifically stating that Davis's conviction was for physical abuse of a child by *recklessly* causing bodily harm. The circuit court's comment that Davis had "tr[ied] to kill his kid" appears to be an extemporized description of the offense that did not reflect the court's actual understanding of that case.

¶16 These circumstances differ from those in the cases cited by Davis: *State v. Groth*, 2002 WI App 299, 258 Wis. 2d 889, 655 N.W.2d 163, *overruled on other grounds by Tiepelman*, 291 Wis. 2d 179, ¶31; and *State v. Anderson*, 222 Wis. 2d 403, 588 N.W.2d 75 (Ct. App. 1998). In *Groth*, the inaccurate information—that the defendant had beaten pregnant women—was presented by the State without any factual basis. *Id.*, 258 Wis. 2d 889, ¶18. This court concluded that the inaccurate assertion likely affected the State's sentencing

recommendation, which was considered by the circuit court. *Id.*, ¶30. In *Anderson*, inaccurate information contained in the presentence investigation report (PSI), involving aggravated child sexual abuse allegations that had been found to be baseless, was repeatedly referenced by the State and the circuit court at the sentencing hearing. *Id.*, 222 Wis. 2d at 406-07. This court concluded that the "tenor" of the circuit court's remarks was "inconsistent" with the facts of the offenses, indicating that the court likely relied on the inaccurate information in the PSI relating to the child sexual abuse allegations as part of the basis of its sentence. *Id.* at 410.

¶17 The circuit court's misspoken reference here does not rise to the same level of explicit attention and specific consideration present in *Groth* and *Anderson*. In fact, the record reflects that the circuit court's consideration of Davis's offense in case No. 2021CF2120 was Davis's "pattern" of illegal possession and use of firearms, information that is not being challenged as inaccurate. The court's concern about a pattern was highlighted at the sentencing hearing, when the court clarified with Davis that the child injured in the shooting case was his stepdaughter, and stated that Davis had the responsibility not to hurt her, or others, instead of being "out here with guns and shooting them off." The court further emphasized the danger to the public, observing that Davis had "decide[d] over and over and over again to carry firearms." Indeed, none of these corresponding remarks by the circuit court reflect a belief that Davis had intentionally tried to shoot Jessica.

¶18 Therefore, we conclude that Davis has not established that the circuit court actually relied on inaccurate information in imposing his sentence in this matter, such that it formed part of the basis for the sentence. *See Travis*, 347 Wis. 2d 142, ¶46; *Tiepelman*, 291 Wis. 2d 179, ¶26. As a result, Davis has not

demonstrated that he was prejudiced by any error of trial counsel in failing to correct the circuit court's mischaracterization of his offense in case No. 2021CF2120. *See Strickland*, 466 U.S. at 694 (stating that to prove prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.").

¶19 Therefore, Davis's ineffective assistance of counsel claim fails. *See id.* at 687. Accordingly, we affirm his judgment of conviction and the order denying his postconviction motion.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* Wis. Stat. Rule 809.23(1)(b)5.